Order filed August 11,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00007-CV

                                                    __________

 

                                    LINDA
S. NEIDERT, Appellant

 

                                                             V.

 

               SUSAN J.
COLLIER AND JOHN P. SEARLS, Appellees



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                  Trial
Court Cause No. A-125,758

 



 

                                                                     O
R D E R

 

Linda S. Neidert filed a notice of appeal from a judgment entered in
this case in favor of the plaintiffs, Susan J. Collier and John P. Searls. 
After submission of this case, it became apparent to this court that the judgment was not a final, appealable judgment. 
Consequently, we abate the appeal pursuant to Tex.
R. App. P. 27.2 to permit the trial court to render a final judgment.  

            Except
for “a few mostly statutory exceptions,” this court’s jurisdiction is limited
to appeals from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001).  We determine whether a judgment is a final, appealable
judgment based on the language in the judgment and the record of the case.  Id. 
A judgment is final and appealable if it disposes of all parties and all claims
in the case.  Id.

            In
their petition, the plaintiffs sought declaratory relief, asserted a cause of
action for breach of contract, requested damages for the breach of contract
claim, and sought attorney’s fees.  The plaintiffs filed a Motion for Summary
Judgment as to Liability “on their declaratory judgment causes of action.”  The
plaintiffs did not seek summary judgment on their breach of contract claim.  The
judgment from which Neidert appeals is entitled “FINAL JUDGMENT,”  but it does
not dispose of all parties and all claims.  In the judgment, the trial court
granted the “Plaintiffs’ Motion for Summary Judgment as to Liability” regarding
declaratory relief and also awarded attorney’s fees.  Nothing in the record
shows that the breach of contract claim has been disposed of or severed.  

We
hold that, although the judgment may purport to be final, it is not; it does
not dispose of all parties and all claims.  Because the trial court has not
disposed of all the claims before it, we do not have jurisdiction to entertain
an appeal at this time.  We abate the appeal pursuant to Rule 27.2 so that the
trial court may render a final judgment.  The trial court is instructed to do
so on or before August 18, 2011, and the court reporter and district clerk are
ordered to file any supplemental records relating to the entry of a final
judgment within seven days after entry of such judgment by the trial court.

            The
appeal is abated.

 

                                                                                                PER
CURIAM

 

August 11, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.